1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  ELLEN M. RICHMOND (State Bar No. 277266)
   ellen.richmond@mto.com
3  JOSHUA PATASHNIK (State Bar No. 295120)
   josh.patashnik@mto.com
4  JOHN B. MAJOR (State Bar No. 306416)
   john.major@mto.com
5  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
6  San Francisco, California 94105-2907
   Telephone:  (415) 512-4000
7  Facsimile:   (415) 512-4077

8  JOHN W. SPIEGEL (State Bar No. 78935)
   john.spiegel@mto.com
9  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
10 Los Angeles, California 90071-1560
   Telephone:  (213) 683-9100
11 Facsimile:   (213) 687-3702

12 Attorneys for Plaintiff Airbnb, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AIRBNB, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF ANAHEIM, <br><br> Defendant. | Case No. 8:16-cv-1398-AG-FFM <br><br> **AIRBNB, INC.'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i)** |

The Complaint filed by Plaintiff Airbnb, Inc. ("Airbnb") in this action seeks to enjoin and declare unlawful the enforcement against Airbnb by Defendant City of Anaheim (the "City") of certain provisions of Ordinance No. 6374 (the "Ordinance") that impose duties on hosting platforms like Airbnb as violating the federal Communications Decency Act, 47 U.S.C. § 230, the First Amendment, and the Due Process Clause of the Fourteenth Amendment.  The Ordinance states that its provisions imposing duties on hosting platforms "shall be interpreted in accordance with otherwise applicable state and federal law(s) and will not apply if determined by the city to be in violation of any such law(s)."  Anaheim Mun. Code § 4.05.120.030; *see also id.* § 4.05.130.0103 (stating that City may issue citation to hosting platform "[u]nless prohibited by any state or federal law").

Pursuant to these clauses, on August 10, 2016, the City provided Airbnb with a letter stating that "the City has completed its review of the applicable law and made an administrative determination, as provided for in Ordinance No. 6374, that, under the current state of the law, Ordinance No. 6374 does not and will not be applied to Airbnb, HomeAway or other hosting platforms," and "[a]s such, the City will not seek to enforce Ordinance No. 6374 against hosting platforms and no criminal or civil penalties will be issued against hosting platforms under the Ordinance."  The letter is attached hereto as Exhibit A.

In light of the City's letter, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Airbnb voluntarily dismisses the above-captioned matter without prejudice.

| | | |
|---|---|---|
| 1 | DATED: August 22, 2016 | MUNGER, TOLLES & OLSON LLP |
| 2 | | |
| 3 | | |
| 4 | | By:     */s/ Jonathan H. Blavin* |
| 5 | | JONATHAN H. BLAVIN |
| 6 | | Attorneys for Plaintiff Airbnb, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28